UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY M. NELSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:13CV1715 CDP |
| | ) |
| DONNA K. WALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This ERISA matter is before me on the motion of defendants David N. Bohrer and the Bohrer Law Firm, LLC, (collectively, "Bohrer") to dismiss the case against them. Because plaintiffs state a plausible claim against Bohrer, I will deny the motion to dismiss.

## Background[1]

Plaintiffs are the Carpenters' Health and Welfare Trust Fund of St. Louis ("the Plan") and the Plan's trustees and named fiduciaries. While covered under the Plan, defendant Donna Wallen was injured in an automobile accident. Bohrer represented Wallen in her claims against a third party for those injuries. The Plan

---

[1] The facts stated in this Memorandum and Order are recited in the light most beneficial to the pleadings. They do not reflect any findings by the court and may not be cited as such or otherwise relied upon by the parties in any future briefing.

advanced $27,772.28 to Wallen for her medical care, although such benefits were not covered under the terms of the Plan.

As a prerequisite to disbursing the funds, the terms of the Plan's coverage required Wallen and Bohrer to sign a subrogation contract reflecting their agreement to abide by the Plan's terms for reimbursement from Wallen's third-party suit. The terms provided that they must repay the full amount of benefits disbursed, undiminished by attorney's fees. After the third-party suit settled, Wallen and Bohrer sent $16,143.55 to the plan. Bohrer claimed that the amount owed was reduced for "legal fees and expenses."

The Plan brought suit against Wallen and Bohrer to enforce the ERISA Plan's terms, for breach of their fiduciary duties with respect to the Plan, and for breach of the subrogation agreement. Bohrer argues that I should dismiss the claim because plaintiffs did not attach the terms of the plan and because Bohrer was not party to the subrogation agreement.

## Discussion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[P]leadings under the Federal Rules of Civil Procedure are designed to give the opposing party fair notice of the claim asserted." *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cnty., Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Bohrer argues that they are entitled to dismissal because the plaintiffs did not attach the plan document to their complaint, but instead attached the plan summary. But a plaintiff need not attach the actual contract to the complaint for the case to proceed. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1235 (3d ed.). Instead, the plaintiff may choose, as they did here, to plead its legal effect. *See id.*

Bohrer also argues that plaintiff cannot assert a claim because the attorney's signature on the subrogation agreement occurred in the capacity of a witness, rather than as a contracting party. At this early stage of the action, the slim evidentiary record does not indicate whether Bohrer was to be bound by the agreement. "This is a question better suited for review . . . in connection with a summary judgment motion and a complete evidentiary record." *Messmer v. Kindred Hosp. St. Louis*, No. 4:08CV749 CEJ, 2008 WL 4948451, at *3 (E.D. Mo.

Nov. 10, 2008) (quoting *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1034 (E.D. Mo. 2004)). I will therefore deny the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that the Bohrer defendants' Rule 12(b)(6) motion to dismiss [# 7] is denied.

This case is set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2014.